KAREN P. HEWITT
United States Attorney
JOSEPH J.M. ORABONA
Assistant U.S. Attorney
California State Bar No. 223317
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7736
Facsimile:  (619) 235-2757
Email: joseph.orabona@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>FELIX HERNANDEZ-CHAVEZ,  )<br>  )<br>Defendant.  )<br>  )<br>  )<br>  )<br>_____  ) | Criminal Case No. 08CR1166-W<br><br>Date: June 2, 2008<br>Time: 2:00 p.m.<br><br>The Honorable Thomas J. Whelan<br><br>**STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTIONS** |

The plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Joseph J.M. Orabona, Assistant United States Attorney, hereby files its Motions For Reciprocal Discovery and Leave to File Further Motions. These motions are based on the files and records of this case, together with the attached statement of facts.

/ /

/ /

/ /

/ /

**I**

**STATEMENT OF THE CASE**

On April 15, 2008, a federal grand jury in the Southern District of California returned a one-count indictment against Defendant FELIX HERNANDEZ-CHAVEZ ("Defendant"). The Indictment charges Defendant with one count of possessing approximately 86.75 kilograms (191.25 pounds) of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On April 15, 2008, Defendant was arraigned on the Indictment and entered a plea of not guilty. On April 28, 2008, the Court set a motion hearing for June 2, 2008. The United States files the following motions for reciprocal discovery and leave to file further motions.

**II**

**STATEMENT OF FACTS**

**A.    OFFENSE CONDUCT**

**1.    Events Leading to Seizure of Marijuana**

On March 14, 2008 at approximately 7:15 p.m., U.S. Border Patrol Agent Clark was performing his official duties at the S-2 checkpoint near Ocotillo, California. At that time, a 2005 red Ford F-150 pickup truck, with New Mexico license plate number "147NGJ," approached the inspection area with two visible occupants. Agent Clark asked Defendant, the driver of the truck, and the passenger, Hugo Montes-Martinez, to state his citizenship. Agent Clark noticed that the rear seats of the truck were lifted and he saw two large bundles underneath the seats. Agent Clark continued to talk with the occupants of the truck, when Agent Santana found another large bundle, partially concealed, in the bed area of the truck. Defendant gave Agent Clark consent to search the truck. Clark seized all three of the large bundles, contained a green, leafy substance that appeared to marijuana. The three large bundles weighed approximately 86.75 kilograms, or 191.25 pounds. Defendant and Montes were arrested and transported to the El Centro Border Patrol Station for processing. Agents with the Drug Enforcement Agency (DEA) were contacted and met Border Patrol agents at the station.

**2.    Defendant's Post-Miranda Statements**

At approximately 12:15 a.m., on March 15, 2008, DEA Agent Butler advised Defendant, in the Spanish language, his Miranda rights. Defendant acknowledged that he understood his Miranda rights,

1 and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

2 Defendant admitted that he was hired by a man he knew as "Guero," who agreed to pay Defendant approximately 3,000 pesos to transport three "suitcases" from Calexico, California to El Cajon, California. Defendant did not question "Guero" about the contents of the "suitcases," but he thought the "suitcases" contained something bad. Defendant described a strong odor inside the cab of the truck, and he described the odor as similar to alfalfa. Defendant admitted knowing his passenger, Montes, for approximately three weeks. Defendant said Montes was riding with him because Defendant was unfamiliar with the area and Montes knew how to drive from Calexico to El Cajon.

### C.  Montes' Post-Miranda Statements

At approximately 12:45 a.m., on March 15, 2008, DEA Agent Butler advised Montes, in the Spanish language, his Miranda rights. Montes acknowledged that he understood his Miranda rights, and he agreed to waive those rights and speak with the ICE agents without the presence of counsel.

Montes said he was contacted by his uncle in Mexicali, Mexico, to come to Mexico and work at a palm tree farm. Montes traveled from Borrego Springs, California, to Tecate, Mexico, where he took the bus to Mexicali, Mexico. Montes called his uncle from a gas station in Mexicali, and his uncle told him he did not need his help. Montes said his uncle advised him to look for a ride back to Borrego Springs. Montes then met Defendant, and Montes stated that he was given a ride by Defendant, who he claimed he never met before, from Mexicali, Mexico, to Borrego Springs, California. When Montes got into the truck, he said he could smell a strong odor of marijuana.

### D.  Contents of the Three Bundles

Border Patrol agents noticed that the three bundles contained a green, leafy substance that, based on their training and experience, appeared to be marijuana. On March 15, 2008, DEA Agent Butler, as witnessed by DEA Agent Camacho, field-tested the green, leafy substance in the three large bundles, and the substance tested positive for marijuana.

25 / /
26 / /
27 / /
28 / /

# III

# MEMORANDUM OF POINTS AND AUTHORITIES

## A.  MOTION FOR RECIPROCAL DISCOVERY

The United States hereby requests Defendant deliver all material to which the United States may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

### 1.  Defendant's Disclosures Under Fed R. Crim. P. 16(b)

The United States has voluntarily complied and will continue to comply with the requirements of Fed. R. Crim. P. 16(a). As of the date of this Motion, the United States has produced 40 pages of discovery (including reports of the arresting officers and agents, a criminal history report, photographs of the car and marijuana seized). As of the date of this Motion, the United States has **not** received any reciprocal discovery from Defendant. Therefore, the United States invokes Fed. R. Crim. P. 16(b), requiring that reciprocal discovery be provided to the United States.

The United States hereby requests Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States also requests that the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### 2.  Witness Statements Under Fed. R. Crim. P. 26.2

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except a statement made by Defendant. Fed. R. Crim. P. 26.2 requires reciprocal production of statements, in accordance with the Jencks Act.

1  The timeframe established by Fed. R. Crim. P. 26.2 requires the statement to be provided after
2  the witness has testified. In order to expedite trial proceedings, the United States hereby requests
3  Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before
4  trial to be set by the Court. Such an order should include any form in which these statements are
5  memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

### B.   MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Should new information or legal issues arise, the United States respectfully requests the opportunity to file such further motions as may be appropriate.

## IV

## CONCLUSION

For the foregoing reasons, the United States requests the Court grant the United States' Motions for Reciprocal Discovery and Leave to File Further Motions.

DATED: May 17, 2008

>                              Respectfully submitted,
>
>                              KAREN P. HEWITT
>                              United States Attorney
>
>
>                              /s/ *Joseph J.M. Orabona*
>                              JOSEPH J.M. ORABONA
>                              Assistant United States Attorney